UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BENJAMIN RANFELD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CAUSE NO. 1:20-CV-3253 |
| BALL STATE UNIVERSITY, | ) |
| GEOFFREY S. MEARNS in his individual | ) |
| and official capacity, SUSANA RIVERA- | ) |
| MILLS in her individual and official | ) |
| capacity, and TRUDI WEYERMANN in | ) |
| her individual and official capacity, | ) |
| | ) |
|    Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

The plaintiff, Benjamin Ranfeld (hereinafter "Ranfeld"), brings this action against his former employer, Ball State University ("Ball State"), alleging disability discrimination in violation of his rights as protected by Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. § 701 *et. seq.*; Geoffrey S. Mearns ("Mearns"), Susana Rivera-Mills ("Rivera-Mills") and Trudi Weyermann ("Weyermann") in their official capacities, under the *Ex Parte Young,* 209 U.S. 123 (1908) exception to the Eleventh Amendment, alleging interference and retaliation under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*; and Mearns, Rivera-Mills and Weyermann in their individual capacities, alleging interference and retaliation under the FMLA.

1

## II.  Parties

1. Ranfeld has resided within the Southern District of the State of Indiana at all relevant times.

2. Defendants are located within and conduct business the Southern District of Indiana at all relevant times.

## III.  Jurisdiction and Venue

3. Defendant Ball State receives federal financial assistance as defined by the Rehab Act.

4. Defendant Mearns is an "employer" within the meaning of 29 U.S.C. § 2611(4).

5. Defendant Rivera-Mills is an "employer" within the meaning of 29 U.S.C. § 2611(4).

6. Defendant Weyermann is an "employer" within the meaning of 29 U.S.C. § 2611(4).

7. Defendants Mearns, Rivera-Mills, and Weyermann, in their official capacities, have the authority to provide reinstatement and injunctive equitable relief to Ranfeld.

8. Ranfeld was an "employee" within the meaning of 29 U.S.C. § 2611(2).

9. At all relevant times, Ranfeld has been a qualified individual with a disability, has had a record of disability, and/or has been regarded as disabled by Defendants.

10. At all relevant times, Ranfeld was an "eligible employee" as that term is defined by the FMLA.

11. At all relevant times, Ranfeld had a "serious health condition" as that term is defined by the FMLA.

12. Plaintiff worked 1,250 or more hours in the relevant twelve (12) month period.

13. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 29 U.S.C. § 794(a), and 29 U.S.C. § 2617(a)(2).

14. Venue is proper in this Court.

### IV.  Factual Allegations

15. Ranfeld began working for Defendant in or about December 2011.

16. During his employment, Ranfeld performed his job duties in a competent and satisfactory manner, carrying out the essential functions of the job.

17. Ranfeld suffers from multiple physical impairments, including, but not limited to, chronic respiratory failure, which affect one or more of his body's systems, including, but not limited to, his respiratory system and immune system; and which substantially limit one or more major life activities, including, but not limited to, breathing and working.

18. At all relevant times, Ranfeld has been employed by Defendant as a "continuing contract professional personnel" employee in Ball State's Division of Online and Strategic Learning ("DOSL"), and his yearly employment contract is automatically renewed via written notification from Ball State's President, Mearns, unless he is notified otherwise in writing according to Ball State's applicable policy.

19. During his employment with Ball State, Ranfeld has been approved for leave under the FMLA on numerous occasions dating back to 2013.

20. In 2015 and 2016, Ranfeld engaged in protected activity when he requested a reasonable accommodation in relation to his disability.

21. Defendant accommodated Ranfeld by allowing him to work from home and provided him with intermittent medical leave under the FMLA.

22. In or about 2016, Weyermann was promoted to Assistant Provost for Learning Initiatives, and assumed supervisory authority over the DOSL.

23. In the fall of 2017, Ranfeld was hospitalized in relation to his disability and took leave under the FMLA.

24. Shortly thereafter, Weyermann began making discriminatory comments about Ranfeld's disability, accommodations, and his FMLA leave; and expressed interest in terminating Ranfeld for those reasons.

25. Beginning in or about mid-2019 and continuing into early-2020, Weyermann created and filled approximately five new positions within DOSL and hired another approximately eight new employees to fill various roles within DOSL.

26. In or about September 2019, Weyermann again made discriminatory comments about Ranfeld's disability and accommodations and that he needed to be terminated because of his FMLA-covered absences.

27. On or about January 15, 2020, Weyermann reassigned one of Ranfeld's similarly situated team members, Eric Wulff ("Wulff"), to report directly to her.

28. On February 20, 2020, Ranfeld engaged in protected activity by complaining to Human Resources that Weyermann was subjecting him to unlawful discrimination.

29. On February 24, 2020, Weyermann informed Ranfeld that his department was undergoing a restructuring due to alleged budget issues and that she was recommending that he be terminated as part of the restructure.

30. Wulff, who is not disabled and does not have FMLA approved leave, was not terminated as part of the restructure allegedly due to his recent reassignment.

31. On February 28, 2020, Ranfeld again engaged in protected behavior when he complained to Human Resources that Weyermann was discriminating and retaliating against him.

32. On or about April 23, 2020, Rivera-Mills, Provost and Executive Vice President for Academic Affairs, with the concurrence of Ball State's President, Mearns, notified Ranfeld in writing that his contract would not be renewed and his employment as a continuing contract professional personnel employee was terminated effective April 22, 2021.

33. Wulff tendered his resignation effective September 11, 2020.

34. Thereafter, Ranfeld assumed Wulff's duties, but he was not offered continued employment to serve in Wulff's vacated position.

35. Ranfeld has been harmed and continues to be harmed by Defendant's unlawful actions.

## V.  Causes of Action

### COUNT I

### DISABILITY DISCRIMINATION– REHAB ACT – BALL STATE

36. Ranfeld hereby incorporates paragraphs 1 - 35 of his Complaint.

37. The acts alleged above constitute unlawful employment practices in violation of the Rehab Act.

38. Defendant Ball State has failed and refused to apply the same standard to Ranfeld as it has applied to similarly situated employees who are not disabled, do not have a record of disability, and/or who it does not regard as disabled.

39. Defendant Ball State took unlawful, adverse employment actions against Ranfeld based on his disability, his record of disability, and/or because it regarded him as disabled, including, but not limited to, when it refused to renew and terminated his contract.

40. Defendant Ball State's actions, as alleged above, deprived Ranfeld of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

41. Ranfeld has suffered damages as a result of Defendant's unlawful conduct, including lost wages, mental anguish, and emotional distress.

## COUNT II

## RETALIATION – REHAB ACT – BALL STATE

42. Ranfeld hereby incorporates paragraphs 1 - 41 of his Complaint.

43. The acts alleged above constitute unlawful employment practices in violation of the Rehab Act.

44. Defendant Ball State failed and refused to apply the same standard to Ranfeld as it has applied to similarly situated employees who have not engaged in protected activity.

45. Defendant Ball State took unlawful and retaliatory adverse employment actions against Ranfeld, including, but not limited to, when it refused to renew and terminated his contract.

46. Defendant Ball State's actions, as alleged above, deprived Ranfeld of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

47. Ranfeld has suffered damages as a result of Defendant Ball State's unlawful conduct, including lost wages, mental anguish, and emotional distress.

## COUNT III

## VIOLATIONS OF THE FMLA – MEARNS, RIVERA-MILLS, AND WEYERMANN IN THEIR INDIVIDUAL CAPACITIES

48. Ranfeld hereby incorporates paragraphs 1 – 47 of his Complaint.

49. The acts alleged above constitute unlawful employment practices in violation of the FMLA.

50. Defendants Mearns, Rivera-Mills, and Weyermann, in their individual capacities, violated the FMLA by interfering with, restraining, and/or denying Ranfeld's exercise of and/or attempting to exercise his FMLA rights and/or retaliated against Ranfeld for exercising his FMLA rights, including, but not limited to, when they refused to renew and terminated his contract.

51. The unlawful actions of Defendants Mearns, Rivera-Mills, and Weyermann, in their individual capacities, were intentional, willful, and done in reckless disregard of Ranfeld's FMLA rights.

## COUNT IV

## VIOLATIONS OF THE FMLA (EX PARTE YOUNG) – MEARNS, RIVERA-MILLS, AND WEYERMANN IN THEIR OFFICIAL CAPACITIES

52. Ranfeld hereby incorporates paragraphs 1 – 51 of his Complaint.

53. The acts alleged above constitute unlawful employment practices in violation of the FMLA.

54. Defendants Mearns, Rivera-Mills, and Weyermann, in their official capacities, violated the FMLA by interfering with, restraining, and/or denying Ranfeld's exercise of and/or attempting to exercise his FMLA rights and retaliated against Ranfeld for exercising his FMLA rights.

## VI.  Relief Requested

WHEREFORE, Plaintiff, Benjamin Ranfeld, by counsel, respectfully requests the judgment of this Court against Defendants as follows:

1. Find and hold that Ranfeld has suffered from Defendants' acts of unlawful discrimination, retaliation, and interference with his rights and issue a declaratory judgment that Ball State's acts violate the Rehab Act; that Mearns's, Rivera-Mills's, and Weyermann's actions, taken in their individual capacities, violate the FMLA; and that Mearns's, Rivera-Mills's, and Weyermann's actions, taken in their official capacity, violate the FMLA;

2. Permanently enjoin the Defendants from engaging in any employment policy or practice that discriminates against any person for exercising his or her statutorily protected rights;

3. Order Defendants to reinstate Ranfeld to the same or similar position, salary, and seniority, or pay front pay and benefits to Ranfeld in lieu of reinstatement;

4. Order Defendant Ball State to pay Ranfeld for his lost wages and benefits for the damages caused by its wrongful actions under the Rehab Act;

5. Order Defendant Ball State to pay an award of compensatory damages to Ranfeld for emotional distress in an amount sufficient to compensate him for the damages caused by its wrongful actions under the Rehab Act;

6. Order Defendants Mearns, Rivera-Mills, and Weyermann, in their individual capacities, to pay Ranfeld for his lost wages and benefits for the damages caused by their wrongful actions under the FMLA;

7. Order Defendants Mearns, Rivera-Mills, and Weyermann, in their individual capacities, to pay an award of liquidated damages to Ranfeld for their willful violations of his FMLA rights;

8. Order Defendants to pay Ranfeld's attornneys' fees, litigation expenses, and costs incurred as a result of this action;

9. Order Defendants to pay Ranfeld's pre- and post- judgment interest on all sums recoverable;

10. For his claims under the FMLA against Defendants Mearns, Rivera-Mills, and Weyermann in their official capacities, in conjunction with *Ex Parte Young,* 209 U.S. 123 (1908), Ranfeld seeks only those permissible remedies available, including prospective injunctive relief, attorneys' fees, and costs; and

11.     Award any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

                Respectfully submitted,

                Jason P. Cleveland (24126-53)
                Eric J. Hartz, (29676-49)
                CLEVELAND LEHNER CASSIDY
                6214 Carrollton Ave., Suite 200
                Indianapolis, IN 46220
                Tel: 317-388-5424
                Fax: 317-947-1863
                Email: jason@clcattorneys.com
                      eric@clcattorneys.com

                Counsel for Plaintiff, Benjamin Ranfeld

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Benjamin Ranfeld, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

                Jason P. Cleveland (24126-53)
                Eric J. Hartz, (29676-49)
                CLEVELAND LEHNER CASSIDY
                6214 Carrollton Ave., Suite 200
                Indianapolis, IN 46220
                Tel: 317-388-5424
                Fax: 317-947-1863
                Email: jason@clcattorneys.com
                      eric@clcattorneys.com